In the Matter of the Claim of JOHN COLOMBO, Appellant, against FRED CARIDEO et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board which disallowed a claim for disability due to silicosis. Claimant was first exposed to silica dust from 1906 to 1911. Beginning again in 1922 he was exposed to silica dust in employment for substantially all of the time until 1951. It is undisputed that claimant is totally disabled as a result of silicosis and that it was the result of many years of exposure to silica dust. It is quite apparent from the record that he was exposed to some dust containing silica while employed by the respondent Felix Contracting Co. on May 17 and 18 and on August 28 and 29, 1951. The board has fixed the date of disablement as August 29, 1951. The board has disallowed the claim by findings of fact as follows: " (3) There is no substantial evidence to establish injurious exposure on May 17 and 18, 1951 and on August 28 and 29, 1951, while in the employ of the aforesaid employer. (4) John Colombo has not established that he suffered any injurious exposure to harmful dust within two years before the date of disablement." We do not think that claimant had the burden of establishing that he had suffered *injurious* exposure within two years of the date of disablement, or that the evidence had to establish directly injurious exposure on May 17 and 18 and August 28 and 29, 1951. The Legislature has recognized that silicosis is a slowly developing disease; that it is unusually impossible to pin point any particular exposure as causing it, and has passed special legislation dealing with the subject. Section 44-a makes the employer " in whose employment an employee was last exposed to an injurious dust hazard " liable for payment of compensation for silicosis. Section 15 (subd. 8, par. [ee]) softens the burden by relieving the employer of responsibility after five years and transferring it to the Special Fund. If claimant was exposed to harmful dust for a period 60 days after September 1, 1935, which apparently is the case here, the exposure is presumed to be an injurious exposure. (Workmen's Compensation Law, § 47). We find in this record no substantial evidence that claimant's last exposure was not injurious to overcome this presumption. We think the matter should be remitted to the board for the purpose of making specific findings as to whether claimant was exposed to harmful dust in this State for a period of 60 days after September 1, 1935, and whether he was exposed to harmful dust while in the employ of Felix Contracting Co. on the dates above mentioned. It may then be determined whether claimant is entitled to the benefit of the presumption provided in section 47 without proof that the latter exposure was injurious. Decision reversed and the matter remitted to the Workmen's Compensation Board, with costs to appellant. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.